FILED
2025 Jan-06  PM 02:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## <u>NORTHWESTERN DIVISION</u>

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No.** |
| | ) | |
| **JARROD GAILEN WEBSTER** | ) | |

### <u>PLEA AGREEMENT</u>

The Government and the defendant, Jarrod Gailen Webster, hereby acknowledge the following plea agreement in this case:

### <u>PLEA</u>

The defendant agrees to (i) plead guilty to Counts One and Two of the Information filed in the above-numbered and -captioned matter; (ii), pay restitution as determined by the Court, if applicable; and (iii) waive certain rights to direct appeal and collateral attack as outlined in section **IV** of this agreement. In exchange, the United States Attorneys for the Northern District of Alabama, Middle District of Tennessee and Southern District of Illinois, and the Assistant Attorney General of the Civil Rights Division (hereinafter "the Government") through the undersigned counsel, agrees to recommend the disposition specified below, subject to the conditions in section **VII**.

Defendant's Initials _J G W_

## TERMS OF THE AGREEMENT

**I.    MAXIMUM PUNISHMENT**

The defendant understands that the maximum statutory punishment that may be imposed for Deprivation of Rights under Color of Law, in violation of Title 18, United States Code, Sections 242 and 250, as charged in Count One, is:

**A.**    Imprisonment for life;

**B.**    A fine of not more than $250,000, or,

**C.**    Both A and B;

**D.**    Supervised release of not more than five years; and

**E.**    A special assessment of $100.

The defendant understands that the minimum and maximum statutory punishments that may be imposed for Production of Child Pornography, in violation of Title 18, United States Code, Section 2251(a) &(e), as charged in Count Two, is:

**F.**    Not less than 15 years imprisonment and not more than 30 years imprisonment;

**G.**    A fine of not more than $250,000, or,

**H.**    Both A and B;

**I.**    Supervised release of not less than five years and not more than life; and

**J.**    A special assessment of $100.

Defendant's Initials _JGG_

## II.    REGISTRATION UNDER THE SEX OFFENDER REGISTRATION AND NOTIFICATION ACT

The defendant has been advised and he understands that under the Sex Offender Registration and Notification Act, a federal law, and pursuant to 18 U.S.C. § 3583(d), upon his release from prison and as a condition of his supervised release, if any, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands he must register as a sex offender and must keep the registration current with the state sex offender registration agency in each of the following jurisdictions: where he was convicted, where he resides, where he is employed, and where he is a student. The defendant understands that the requirements for registration include providing his name, residence address, the names and addresses of any places where he is or will be an employee or a student, and information relating to intended travel outside the United States, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of name, residence, employment, or student status. The defendant shall comply with requirements to periodically verify in person his sex offender registration information. The defendant has been advised, and understands, that failure to comply with these obligations subjects him to

prosecution for violations of applicable state law or 18 U.S.C. § 2250, a federal law, which is punishable by a fine or imprisonment, or both. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction.

## III.    AGREEMENT REGARDING STATE COURT CHARGES

In November 2023, the State of Alabama indicted the defendant and charged him with rape in the first degree and sodomy in the first degree for the same conduct at issue in the above-captioned matter. *See State of Alabama v. Jarrod Gailen Webster*, Case No. CC-23-00138. After the imposition of sentence in the above-captioned matter, the State of Alabama will dismiss their charges. The defendant understands that the state court judge is not bound by the federal plea agreement and that he is not permitted to withdraw his plea in this case should the state court judge deny the State of Alabama's request to dismiss the state charges.

## IV.    FACTUAL BASIS FOR PLEA

The Government is prepared to prove, at a minimum, the following facts at the trial of this case:

### COUNT ONE

On or about November 12, 2023, the defendant was on duty as a police officer with the Killen Police Department when he initiated a traffic stop on Victim #1's vehicle. The defendant asked Victim #1 to step out of her vehicle, and he asked Victim #1 what she wanted to do to "get out of this." Victim #1 told the defendant

Defendant's Initials JGW

that she was not going to do anything for him and that he could handcuff her and take her to jail. The defendant then handcuffed Victim #1 and opened the rear door of his patrol vehicle. The defendant removed his vest and turned off his body-worn camera. The defendant penetrated Victim #1's vulva with his penis without Victim #1's consent. Victim #1 experienced pain during the vaginal penetration. The defendant then put his penis in Victim #1's mouth without her consent. The defendant held one hand on Victim #1's head while she performed oral sex on him. Victim #1 was unable to move her head away to stop the oral sex. Victim #1 did not feel like she could say no to the defendant; she believed that the defendant would shoot and kill her if she did not engage in these sex acts.

The defendant told Victim #1 that if she told anyone about what happened, he would find her from the address on her I.D. Victim #1 took this to mean that the defendant would find out where she was staying, and this made her afraid.

The defendant's body-worn camera shows that the defendant pulled over Victim #1 on November 12, 2023 and shows that the defendant turned the audio and video of his body-worn camera off after Victim #1 exited her vehicle.

Approximately 19 hours later, a sexual assault nurse examiner collected evidence from Victim #1's body and the clothing that Victim #1 was wearing at the time of the assault. The defendant also provided his DNA sample to investigators. This evidence was sent to the FBI Laboratory for testing and analysis. Semen was identified on the swabs taken from the right side of Victim #1's face and the sweatshirt that Victim #1 was wearing at the time of the assault. The DNA analysis showed that it was 99 septillion times more likely if the defendant was a contributor to the swab from the right side of the Victim's neck and the Victim's sweatshirt than if an unknown, unrelated person was a contributor. The qualitative equivalent for this result is "Very Strong Support for Inclusion" according to the FBI Laboratory.

## COUNT TWO

Between on or about June 1, 2016 and on or about October 5, 2018, the defendant engaged in communication with Minor #1. Minor #1 was 15 years old when she met the defendant at her brother's graduation from basic training at Lackland Air Force Base. About a week later, the defendant added Minor #1 on Facebook, and he subsequently told Minor #1 to add him on Snapchat. The defendant and Minor #1 communicated daily via Snapchat, and the defendant would ask Minor #1 for pictures of her bare breasts and vagina. Minor #1 sent pictures of

Defendant's Initials _JGL_

her bare breasts and vagina to the defendant. Further, the defendant would FaceTime Minor #1 and ask her to show him her breasts, which she did. The defendant and Minor #1 stopped communicating after a few months.

Approximately two years later, while Minor #1 was 17 years old, the defendant contacted Minor #1 on Snapchat. The defendant and Minor #1 again began communicating daily, and Minor #1 again began sending nude photos to the defendant at his request. One of these photos—depicting Minor #1's full body, including her bare breasts and vagina, while she was 17 years old—was reported to and provided to the government during this investigation.

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all the evidence of each and every act that the defendant may have committed.**

**JARROD GAILEN WEBSTER**

## V.    RECOMMENDED SENTENCE

Subject to the limitations in section **VII** regarding subsequent conduct and pursuant to Fed. R. Crim. P. 11(c)(1)(B), the Government will recommend the following disposition:

A.    That the defendant be awarded a two (2) level reduction in the defendant's adjusted offense level, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. The Government agrees to make a motion pursuant to USSG §3E1.1(b) for an additional one-level decrease in recognition of the defendant's prompt notification to the Government of the intention to enter a plea of guilty. The Government may oppose any adjustment for acceptance of responsibility if the defendant: (1) fails to admit each and every item in

the factual stipulation; (2) denies involvement in the offense; (3) gives conflicting statements about the defendant's involvement in the offense; (4) is untruthful with the Court, the Government, or the United States Probation Officer; (5) obstructs or attempts to obstruct justice prior to sentencing; (6) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (7) attempts to withdraw the defendant's plea of guilty for any reason other than those expressly enumerated in the "Waiver of Right to Appeal and Post-Conviction Relief" section of this Plea Agreement;

**B.**    That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term of 15 years imprisonment for Counts One and Two of the Information, which is the mandatory minimum sentence to be imposed for Count Two of the Information (18 U.S.C. § 2251(a) & (e);

**C.**    That following the said term of imprisonment, the defendant be placed on supervised release for a period to be determined by the Court, subject to the Court's standard conditions of supervised release and any additional requirements recommended related to his convictions for violations of 18 U.S.C. §§ 242, 250, and 2251;

**D.**    That the defendant be required to pay restitution to all the victims of the defendant's crimes in an amount to be determined by the Court and as required by 18 U.S.C. §§ 2259(a), 3583, 3663 and 3663A;

**E.**    That the defendant be required to pay a fine in accordance with the Sentencing Guidelines should the Court determine that the defendant has the ability to pay a fine, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release; and

**F.**    That the defendant pays a special assessment of $100, said amount due and owing as of the date sentence is pronounced.

Defendant's Initials _JCC_

VI.    **WAIVERS**

A.    **WAIVER OF VENUE & JURISDICTION**

In consideration of the recommended disposition of this case, I, JARROD GAILEN WEBSTER, hereby understand, acknowledge, and waive my right to be prosecuted in the Middle District of Tennessee and Southern District of Illinois for the conduct alleged in Count Two of the Information. I understand that the Government could prosecute me in this jurisdiction for my conduct. However, I agree to be prosecuted for all conduct alleged in Counts One and Two of the Information in the Northern District of Alabama.

B.    **STATUTE OF LIMITATIONS WAIVER**

In consideration of the recommended disposition of this case, I, JARROD GAILEN WEBSTER, hereby understand, acknowledge, and agree that if this plea agreement is set aside for any reason, I will not assert any defense based on any applicable statute of limitations or the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, that includes the passage of time from and including the date of this plea agreement until and including the date of entry of any order setting this plea agreement aside.

C.    **RIGHT TO APPEAL AND POST-CONVICTION RELIEF**

In consideration of the recommended disposition of this case, I, JARROD GAILEN WEBSTER, hereby waive and give up my right to appeal my

Defendant's Initials _JGW_

conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the Court might impose. Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255, and any argument that (1) the statute(s) to which I am pleading guilty is or are unconstitutional or (2) the admitted conduct does not fall within the scope of the statute(s).

The defendant reserves the right to contest in an appeal or post-conviction proceeding(s) the following:

1.    Any sentence imposed in excess of the applicable statutory maximum sentence(s);

2.    Any sentence imposed in excess of the Guidelines range determined by the Court at the time sentence is imposed; and

3.    Ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the defendant discussed the United States Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further

Defendant's Initials _J 6 h_

acknowledges and understands that the Government retains its right to appeal where authorized by statute.

I, JARROD GAILEN WEBSTER, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

JARROD GAILEN WEBSTER

## VII.    UNITED STATES SENTENCING GUIDELINES

The defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in *United States v. Booker*, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the Court's discretion and is not required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the Court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and the defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VIII.    AGREEMENT NOT BINDING ON COURT

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the Government is **NOT BINDING UPON THE COURT,** and that the Court is not required to accept the Government's recommendation. Further,

Defendant's Initials JGW

the defendant understands that if the Court does not accept the Government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## IX.     VOIDING OF AGREEMENT

The defendant understands that if the defendant (a) violates any federal, state, or local law or any condition of pretrial release after entering into this plea agreement, (b) moves the Court to accept a plea of guilty in accordance with, or pursuant to, the provisions of *North Carolina v. Alford*, 400 U.S. 25 (1970), (c) tenders a plea of *nolo contendere* to the charges, (d) violates any other term of this plea agreement, and/or (e) does or says anything that is inconsistent with the acceptance of responsibility, the plea agreement will become NULL and VOID at the election of the United States, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein. Further, such election will not entitle the defendant to withdraw a previously entered plea.

## X.     CONDUCT KNOWN TO THE GOVERNMENT

The defendant acknowledges, understands, and agrees that this agreement only applies to conduct known to the Government at the time of the plea agreement.

## XI.     OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that other than the Northern District of Alabama, the Middle District of Tennessee the Southern District of Illinois, and the

Defendant's Initials JGW

Civil Rights Division as discussed in more detail above, this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## XII.    COLLECTION OF FINANCIAL OBLIGATION

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to:

- fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party;

- promptly submit a completed financial statement to the Government, in a form that it provides and as it directs;

- identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past five years, or in which the defendant has or had during that time any financial interest;

- take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant;

- undergo any polygraph examination the Government may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years.

Defendant's Initials _JGL_

The defendant further agrees that the above information, as well as any of the defendant's financial statements and disclosures, will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the Government to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

XIII.    **AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION**

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors, which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any and waives objection to the inclusion of that restitution in any order issued by the Court.

Defendant's Initials _JCL_

XIV.    **TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS**

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to the defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

XV.    **IMMIGRATION STATUS**

The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. The defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States if the defendant is not a citizen of the United States. Removal and other immigration consequences are the subject of a separate proceeding, however; and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Understanding all of this, the defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that plea may entail, even if the consequence is automatic removal from the United States.

Defendant's Initials _JCC_

## XVI.     DEFENDANT'S ACKNOWLEDGEMENT

I have read and understand the provisions of this plea agreement consisting of 17 pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence on my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO PROMISES OR REPRESENTATIONS OTHER THAN THOSE IN THE AGREEMENT HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here:

_____

I understand that this plea agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this plea agreement and have signed the signature line below to indicate that I have read,

Defendant's Initials _JGW_

understand, and approve all the provisions of this plea agreement, both individually and as a total binding agreement.

12-29-2024
DATE

JARROD GAILEN WEBSTER
Defendant

## XVII.    COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all my client's rights and all possible defenses. My client has conveyed to me that my client understands this plea agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea agreement on the terms and conditions set forth herein.

12/29/2024
DATE

TIM CASE
TIMOTHY CASE
Defendant's Counsel

Defendant's Initials JGW

## XVIII.   GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this plea agreement and concur that the plea

and disposition set forth herein are appropriate and are in the interests of justice.

PRIM F. ESCALONA
United States Attorney

01/06/25
DATE

MICHAEL A. ROYSTER
Assistant United States Attorney

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

01/06/25
DATE

MAURA WHITE
Senior Sex Crimes Counsel

01/06/25
DATE

SARAH HOWARD
Trial Attorney

Defendant's Initials _JGW_

*(Revised June 2022)*